**Amir Anis DOWS, Petitioner,**

v.

**Alberto GONZALES,\* Attorney General of the United States of America, Respondent \*Substituted pursuant to Federal Rule of Appellate Procedure 43(c)(2).**

No. 03–2068.

United States Court of Appeals, Third Circuit.

Submitted Under Third Circuit LAR 34.1(a) May 5, 2005.

Decided July 28, 2005.

James J. Orlow, Orlow & Orlow, Philadelphia, PA, for Petitioner.

Linda S. Wernery, Lyle D. Jentzer, William C. Minick, United States Department of Justice Office of Immigration Litigation, Washington, DC, for Respondent.

Before McKEE, SMITH and VANANTWERPEN, Circuit Judges.

## OPINION OF THE COURT

McKEE, Circuit Judge.

Amir Anis Dows seeks review of a final order of the Board of Immigration Appeals ("BIA") affirming the Immigration Judge's ("IJ") denial of Dows' request for asylum, withholding of removal, and protection under the Convention Against Torture ("CAT") and reversing the IJ's finding that Dows' lack of credibility amounted to a lack of good moral character rendering him ineligible for voluntary departure.

For the reasons that follow, we will deny Dows' petition for review.[1]

Because we write only for the parties, we set forth only those facts necessary to our discussion.

Dows, a native of Egypt, bases his claims for relief on the alleged religiously-motivated persecution that he suffered in Egypt. Dows is a Coptic Christian. The IJ denied Dows' application for relief and also denied his request for voluntary departure. Without engaging in a detailed discussion of the record, the BIA partially denied Dows' appeal. The BIA stated the following in dismissing Dows' appeal:

> We find that the record supports the [IJ's] adverse credibility determination, and his conclusion that the respondent has not demonstrated his eligibility for asylum, withholding of removal, deferral of removal ... However, we cannot agree with the [IJ's] conclusion that the respondent's lack of credibility amounts to a lack of good moral character rendering him ineligible for voluntary departure. Accordingly, the respondent's appeal will be sustained as to that finding, and the remainder of his appeal will be dismissed.

Dows maintains that he established eligibility for relief through his oral testimony, documentation and the testimony of his witnesses. He contends that the BIA and the IJ failed to consider that evidence, and that the BIA's decision should be reversed because it is not supported by substantial evidence. Dows also avers that the BIA's partial adoption of the IJ's decision is confusing since it is "unclear the extent to

---

1. Because the BIA deferred to the opinion of the IJ, we review the IJ's decision. *See Gao v. Ashcroft*, 299 F.3d 266, 271 (3d Cir.2002). The factual findings of the IJ, including adverse credibility determinations, must be upheld if they are "supported by reasonable, substantial, and probative evidence on the record considered as a whole." *INS v. Elias–* *Zacarias*, 502 U.S. 478, 480, 112 S.Ct. 812, 117 L.Ed.2d 38 (1992). Under this standard, reversal is appropriate only if the evidence presented is so compelling that no reasonable factfinder could fail to find that the requisite fear of persecution exists. *Id.* at 483–84, 112 S.Ct. 812.

which the BIA was adopting the IJ's whole reasoning or substituting its own."

We do not agree with this latter contention. Rather, we think the BIA's decision is clear. The BIA agreed with the IJ's conclusion that Dows had not provided credible evidence, and it therefore agreed that he had not satisfied the requisite burden for establishing eligibility for the relief he was seeking. Nevertheless, the BIA reasoned that, although Dows' testimony was not credible, it did not rise to the level of intentional false testimony that would preclude a finding of good moral character and render him ineligible for voluntary departure. The BIA's analysis is correct as a matter of law, and consistent with the record.

An alien who seeks asylum must establish that he/she is a refugee as defined by the INA. *See* 8 C.F.R. § 208.13(a) (2002). Section 101(a)(42)(A) of the INA defines "refugee" as a person unable or unwilling to return to his country of nationality "because of persecution or a well-founded fear of persecution on account of race, religion, nationality, membership in a particular social group, or political opinion." 8 U.S.C. § 1101(a)(42).[2] An alien has the burden of supporting his/her asylum claim through credible evidence. *Abdille v. Ashcroft,* 242 F.3d 477, 482 (3d Cir.2001).

Here, the IJ identified specific inconsistencies, discrepancies and omissions to support his denial of Dows' asylum claim. The most telling of these include: Dows' testimony that he was told by school police to go to the university hospital after the April 1991 attack, thus contradicting his previous testimony that he was beaten unconscious and first awoke in the hospital;[3] Dows' failure to explain why he did not report some of the alleged attacks and threats against him to the police; Dows' failure to provide the IJ with sufficient details about some of the alleged attacks; Dows testified that his father was never beaten in contradiction to his statement in his asylum application that his father had been beaten; and Dows testified that no family member had been injured or attacked except his father and a cousin in contradiction to his statement in his asylum application that a cousin was murdered and another cousin was attacked by Muslims in 1992 and 1996. The record also contains the testimony of two other witnesses who contradicted Dows' testimony.

These inconsistencies, discrepancies and omissions constitute substantial evidence that support the IJ's adverse credibility determination. *See Tarrawally v. Ashcroft,* 338 F.3d 180, 187 (3d Cir.2003) (finding that inconsistencies and contradictions that were non-minor and material to petitioner's claim constituted substantial evidence supporting the IJ's adverse credibility determination). Although Dows repeatedly asserts that he has established a well-founded fear of persecution, the evidence simply does not compel any such finding.

Accordingly, we will affirm the BIA's decision and dismiss Dows' petition for review.

---

**2.** The more stringent withholding of removal standard of proof requires that an alien show that there is a clear probability that he would be subject to persecution on account of one of the five statutorily enumerated grounds. *INS v. Stevic,* 467 U.S. 407, 429–30, 104 S.Ct. 2489, 81 L.Ed.2d 321 (1984).

**3.** Dows subsequently testified that, while he was unconscious or semi-conscious, he heard police tell his friends to take him to the university hospital.